HARDIMAN, Circuit Judge,
concurring.
I concur in the result reached by my colleagues, but write separately to note that I would not reach the merits of this case. Instead, I would affirm the judgment of the District Court denying De-Foy’s petition for writ of habeas corpus as untimely.[10]
As the Commonwealth noted in its brief, it had no reason to raise a statute of limitations defense at an earlier stage of this case because DeFoy previously complained of three parole denials (in 1997, 1998, and 2000). At that time, DeFoy’s petition was timely with respect to the 2000 denial of parole and only when De-Foy moved for summary judgment on January 9, 2007, did he focus upon the 1997 denial. See Opinion of Magistrate Judge at 5 (describing the 1997 parole denial as the “focal point” of DeFoy’s constitutional claim). Because DeFoy effectively switched gears almost six years after he filed his amended habeas petition, the Commonwealth’s assertion of the statute of limitations defense was timely in my *183 view. The Commonwealth raised the defense at the first logical point in these proceedings — in opposition to DeFoy’s summary judgment motion — and it should not be penalized for having waited to do so.
Unlike Venters v. City of Delphi, 123 F.3d 956 (7th Cir.1997), cited by DeFoy and relied upon by the majority, here De-Foy was responsible for the unfair surprise when he focused on the 1997 denial of parole to the exclusion of his 2000 denial of parole, which he had timely challenged in his amended habeas petition. Thus, if there has been any prejudice in this case, it was caused by DeFoy himself.
For the foregoing reasons, I agree with the District Court that DeFoy’s petition for writ of habeas corpus was untimely and would affirm the judgment on that ground.

. If I were to reach the merits of this case, I would agree completely with the thorough and persuasive analysis of the majority.